Good morning, Your Honors. May it please the Court, my name is Joseph Cruz. I am attorney for the plaintiff, I and U in this matter, and I would like to reserve two minutes for rebuttal. Okay, keep an eye on the clock. Very well, Your Honor. Your Honor, first starting off the first issue is whether or not the District Court erred by applying the litigation privilege under a strategic lawsuit against Publishers Solutions. Let's assume there had been no prior settlement in this case. Yes, Your Honor. And exactly the same thing happened. Correct, Your Honor. Somebody sent you a letter and said, I think you're doing evil, and we'll settle for that amount, and if you don't settle for that amount, we will sue you. Absolutely, Your Honor. Would that be within the privilege? It depends, Your Honor. It depends on whether or not it's reasonable. If someone comes out and says... You got the fact, same facts of this case. Same facts. Forget whether your client did or didn't do what they're accused of. Somebody does an investigation and says, I think you've, you know, you've done, you've taken our subscriptions and done ill with them, and we think you've caused us this amount of damage, and we'll settle for this amount, and if you don't settle for this amount, we'll pursue our legal remedies. Assume that all happens, which is what happened here in essence, and there was no prior settlement. This is the first time this occurs. Within the litigation privilege or not? It would not apply. And the reason, well, the rationale would not apply, because if it's rational, if it's a reasonable or good, if I come up and say, all right, there's $50,000 worth of damage, but then I come out and say you have a million dollars. So it wouldn't apply in your view because they asked for too much? They asked for an amount that... They asked for a reasonable amount, would the litigation privilege apply? Yes, if there wasn't a reasonable amount. However, if there is not a reasonable amount, and there's no basis for the amount, then it wouldn't apply. And how do we conclude on this record that the judge erred in finding, if that's the standard, that it was reasonable to ask for this amount? Well, that's a tricky question as... It was mentioned... The litigation... But tell me why. We have a judge who made a determination that this was a good faith litigation tactic. How do we review that determination? I think at some point the litigation privilege has become a discovery privilege. And I think that if someone is going to come out and say, we do have litigation privilege, and we are to be held... We're given this privilege to come out and say, this is why it's rational. Here's what you did. Here's everything. Here's how this all took place, and here's why it's a reasonable amount. They did nothing. They just came out with arbitrary numbers. They had a large list of everything that they are claiming that my client fraudulent... The subscriptions that my client had fraudulently obtained and serviced, but yet my client says... So what California case do you cite for the litigation demands if the demands are not factually correct? I believe Flatley alluded to that in that a... When you go to a demand letter, or there's talk about settlement, and that would be privileged. However, I think Flatley then did say that it doesn't apply if it is not reasonable. And so there is that exception. So your case turns on whether it's a district judge fine. He did fine that. To come into court, it's protected that if it's contemplated and filing a lawsuit, the fact that if I filed a lawsuit in the district court, your honor, I am asserting that that is made in a good... That is a good faith lawsuit and everything in that is accurate. However, I think there's a little bit of a problem there because if I don't file a lawsuit, I can just go out and every auditor, every investigator can go out and just demand these outrageous amounts that make absolutely no sense and demand it, whereas they don't have to bring the lawsuit. We could go after an attorney who brought a completely frivolous lawsuit, but in the case of this, auditors or investigators can hide under litigation saying, we're contemplating bringing this lawsuit, but then they don't. And they then turn and they go to others, and they threaten to go to others and say, hey, these guys are fraudulently applying... Here's my difficulty. This lawsuit gets brought. You claim it should be stricken because of the anti-slap privilege or the anti-slap law. The district court says the stuff that led up to the lawsuit was preparation for the suit, and I don't find that the suit is brought in bad faith. And so the question is, how do we review the judges finding that the... And you say bad faith is the key here because you admit that these would be privileged if they've done in good faith. So why is there... What do we review the judges finding of good faith by? Is it an abuse of discretion? Is it de novo? And if so, why is he wrong? I believe that the 425-16 matters are brought de novo, and why he would be wrong as far as there was a settlement, Your Honor. And I think that the other party is taking full advantage of this other case, this prior case, without coming out and saying, well, this is just part of our business model, or is it just specifically against INU, or is it against INU and a couple others that we've been retained to look at, or is it just part of our business model and we just go after everyone and we make these findings and reports? I have no idea what you just said. I'm sorry, Your Honor. Again. Thank you. We're looking at this as the defendant went out and looked at just INU for the specific lawsuit prior. But we don't know whether or not PSI is saying that, well, that's what we're retained to do, and that's why it's in the litigation, and that's what we're reviewing to look at the previous case. But you had a settlement. Yes. These guys had some reason to think that perhaps the settlement wasn't being abided by. So they hired PSI. PSI went out and made a report to them, and they said, in effect, to you, we're going to litigate about this unless you stop it or pay up or both. And you didn't, and they filed a lawsuit. And the judge said that lawsuit was brought in good faith. And the stuff done up leading up to it was within the litigation privilege of preparing for a lawsuit. So tell me why that finding was wrong. The prior lawsuit was brought in good faith. That's conceded. Okay. But the judge also didn't dismiss this one on your anti-slap motion. Correct. So he necessarily found that it fell within the privilege and they hadn't abused the privilege, right? That is why I believe that there's... Your claim is that all the stuff they did leading up to the lawsuit was an abuse of the privilege. Correct, Your Honor. And the judge said, no, it was preparation for litigation. And you say, oh, but it was bad faith preparation for litigation. Correct, Your Honor. And now the question is, the judge said, no, I reject that argument. Why was he wrong? Because I think, Your Honor, he did not accept, he looked at the defendant's position without taking, requiring them to bring up any evidence whatsoever to support what they're bringing. There was a prior lawsuit. There was a settlement. My client cleaned up everything that they had done and worked to make sure there were no more discrepancies. And yet they come out and they said, PSI comes out and says, no, you have all this. It's like, no, we don't, Your Honor. My client says, we've done exactly what we've done. And so then they come back and say, I don't care. We're not going to give you any evidence or anything. We're just going to sue you. But they never did. And they never advanced anything to support any of their demands. Okay. We've got half a minute left. Thank you, Your Honor. Good morning. I am Mark Schaefer of Nemeth Second Call Counsel for Defendant and Appellee Publishers Solutions International. The District Court's order granting publishers anti-SLAPP special motion to strike was correct and deserves to be affirmed. Here's why. Decisional law has established that the anti-SLAPP statute covers claims based on pre-litigation communications. Consequently, publishers met its first-pronged burden because the gravamen of INU's two claims is publishers' pre-litigation reports to Elsevier. Is the privilege limited if the pre-litigation communications are not based on actual fact? No. The validity of publishers' report plays no part in determining whether the anti-SLAPP statute or the litigation privilege applies. It's an absolute defense to publishers under the second prong of the anti-SLAPP test. If I make a demand on you to pay me for an auto accident that never occurred... That's different. Well, let me just finish. I may be subject to all kinds of sanctions for doing that, but is that demand protected by the litigation privilege? That demand, since it did not relate to an actual event, the actual subject of the dispute of the lawsuit, could fall within the flatly crime exception to the anti-SLAPP statute. In this case, there was no evidence that publishers' report to Elsevier fell within the flatly crime exception because publishers did not conceive that a report was illegal as a matter of law, and the evidence does not establish that the letter... But I guess I'm trying to come up with a case in which... Well, we know that... I get hit by a car, and I don't know who hit me, so I look around and I say, I'll sue you, and it turns out that's a baseless lawsuit because you weren't the driver of the car. Still within the litigation privilege? Well, you're not talking about a possible malicious prosecution lawsuit. Right, no, I'm just talking about the litigation privilege. Okay, we know very clearly California law has clearly established that pre-litigation settlement demand letters made in anticipation of litigation are absolutely protected by the litigation privilege. That's it. Since we know that the anti-SLAPP statute covers INU's claims against publishers because the Grobman was a publisher's pre-litigation report to Elsevier that shifted the burden to INU to demonstrate a probability that it would prevail on its causes of action. This it did not do. Initially, by failing to understand that it was its burden to produce evidence to demonstrate a probability of prevailing, INU forfeited any issue concerning the second prong. Regardless, the absolute litigation privilege provides a complete defense for publishers. Lastly, INU did not demonstrate a probability of prevailing because it did not produce any evidence that publishers disparaged INU's goods or services. For these reasons, as more fully discussed in Publisher's Brief and as the record establishes, the district court's order deserves to be affirmed. Does the court have any questions? Okay, thank you. Oh, no. Thank you. You have half a minute left. Would you like to take it? Very quickly, Your Honor. Unlike almost any other statute, the anti-SLAPP statute stays all discovery. It prohibits an amendment of a complaint and a host of others. The core purpose of this was to prevent others from free speech and petitioning activity, such as lawsuits. However, its core purpose is not to impose impediments to lawsuits relating to petitioning activity, and that's what is here. I don't believe that. Thank you. The case is hereby submitted.  Thank you, Your Honors.
judges: Kozinski, Gould, Hurwitz